UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                              |
                                    |
SAMUEL JOHN LITES, SR. and          |       CHAPTER 13 CASE
LYNN DARLENE LITES,                 |       NO. 14-52557-CRM
                                    |
       Debtors.                     |

## SECOND AMENDED CHAPTER 13 PLAN

SAMUEL JOHN LITES, SR. and LYNN DARLENE LITES, Debtors, filed the initial Chapter 13 Plan on February 5, 2014, First Amended Plan on April 2, 2014 and Debtors hereby file this Second Amended Chapter 13 Plan as follows:

1.

Debtors amend their Chapter 13 Plan as shown attached.

The portions of the Chapter 13 Plan (including prior Amendments, if any) have not been altered by the present Amendment and remain unchanged.

This 21st day of April, 2014.

                                    Respectfully submitted,
                                    JEFF FIELD & ASSOCIATES

                                    /s/ R. Jeffrey Field
                                    _____
                                    R. JEFFREY FIELD
                                    Attorney for Debtors
                                    State Bar No. 259670

342 North Clarendon Avenue
Scottdale, Georgia 30079
404-499-2700

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAMUEL JOHN LITES, SR. and                    CHAPTER 13 CASE
LYNN DARLENE LITES                             NO. 14-52557-CRM

SECOND AMENDED CHAPTER 13 PLAN

Extension (X)                                                            Composition (    )

You should read this Plan carefully and discuss it with your attorney. Confirmation of this plan by the Bankruptcy Court may modify your rights by providing for payment of less that the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **SUBMISSION OF INCOME**. Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **PLAN PAYMENTS AND LENGTH OF PLAN**. Debtor will pay the sum of $850.00 per month to Trustee by Payroll Deduction Order issued to wife's employer for the applicable commitment period of 36 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

3. **CLAIMS GENERALLY**. **The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **ADMINISTRATIVE CLAIMS**. Trustee will pay in full allowed administrative claims and expenses pursuant to Section 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

(A). **Trustee's Fees**. Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

(B). **Debtor's Attorney's Fees**. The attorney fees to be paid by debtor are in the amount of $3,950.00 for services rendered in the case. Prior to the filing of the case the attorney received $0.00. The balance of attorney fees shall be disbursed by the Trustee as follows: (a) upon the first disbursement of the plan following confirmation of a plan, the Trustee shall disburse up to $3,950.00 after the payment of adequate protection payments and administrative fees. The remaining balance

of the fees shall be paid up to **$200.00 per month** until the fees are paid in full; (b) if the case is dismissed or converted to Chapter 7 or 11 prior to confirmation of the plan, the Trustee shall pay fees up to $3,950.00 from available funds.

Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for non-base services as they are performed on an as-needed basis. These non-base services and the agreed fee for each are identified in paragraph 7 of the Rule 2016(b) Disclosure Statement in this case. Upon completion of a non-base service, Debtor's attorney may file an application with the Court, serving all parties in interest with notice of the application and providing an opportunity to be heard on the matter. If the non-base service fee is approved by the Court, then the fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with paragraph (B)(a), above. If the base fee has been paid in full, then the fee shall be paid up to $400.00 per month, and the distributions to creditors shall be reduced, pro-rata, by that amount until the additional fee is paid in full.

5. **PRIORITY CLAIMS**.
    (A). **Domestic Support Obligations**.

  None. If none, skip to Plan paragraph 5(B).

(i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.
(ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. Sections 101(14A) and 1302(b)(6).
(iii). Anticipated Domestic Support Obligation Arrearage Claims.

(a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. Section 507(a)(1) will be paid in full pursuant to 11 U.S.C. Section 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property and claims for assumed leases or executory contracts.

None

(b). Pursuant to Sections 507(a)(1)(B) and 1322(a)(4), the following domestic support obligations claims are assigned to, owed to, or recoverable by a government unit. Debtor authorizes and agrees that any post-petition domestic support obligation payments may be paid through a state or superior court income deduction order.

None

(B). **Other Priority Claims (e.g., tax claims)**. These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated Claim |
|---|---|
| Internal Revenue Service | $0.00 |
| Georgia Department of Revenue | $0.00 |

6. **SECURED CLAIMS**.

(A). **Claims Secured by Personal Property which Debtor Intends to Retain**.

(i). **Pre-Confirmation adequate protection payments**. No later that 30 days after the date of the filing of this Plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to Section 1326(a)(1)(c). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the trustee, including the amount and date of payment.

Debtor shall make the following adequate protection payments to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate Protection Monthly Payment Amount |
|---|---|---|
| Harley Davidson Financial | 2007 Harley Davidson Motorcycle | $175.00 |

(ii). **Post-confirmation payments**. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in paragraph (c).

(a). **Claims to which Section 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing of the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* Section 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Claim Amount | (e) Interest Rate | (f) Monthly Payment |
|---|---|---|---|---|---|
| None | | | | | |

(b). **Claims to which Section 506 Valuation is Applicable**. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the trustee will pay to the holder of each allowed secured claim the monthly payment as stated in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). the portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value | (e) Interest Rate | (f) Monthly Payment |
|---|---|---|---|---|---|
| Harley Davidson Financial | 2007 Harley Davidson Softail Motorcycle | 2007 | $10,815.00 | 5.25% | $200.00; Step to $400.00 in 12/2014 |

(c). **Other allowed secured claims**: A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with 0% interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the debtor(s) or any other party in interest may object to the allowance of the claim.

(d). **Claims subject to lien avoidance pursuant to 11 U.S.C. Section 522(f):** The allowed secured claim of each creditor listed below shall not be funded until all allowed secured claims which are being treated by the plan are satisfied. If an Order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general , unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors: None

(B). **Claims Secured by Real Property which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless the Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

Any fees, expenses and charges asserted under Fed. R. Bankr. P. 3002.1(c) are not to be funded through the Chapter 13 Plan. Debtor will pay any post-petition expenses outside the plan unless the court has disallowed them on a Motion filed under Fed. R. Bankr. P. 3002.1(e).

| (a) Creditor | (b) Property Description | (c) Estimated Pre-Petition Arrearage | (d) Projected Monthly Arrearage Payment |
|---|---|---|---|
| None | | | |

(C) **Mortgage Claims Secured by Residential Real Property Which Debtors Seek to have Modified to General, Non-priority Unsecured Pursuant to 11 U.S.C. Section 506 and 11 U.S.C. Section 1322(b)(2)**:  If an order is entered modifying the below creditor's claim to a general, non-priority unsecured claim, said claim shall be treated as a general, non-priority unsecured claim and upon entry of a discharge, creditor's lien shall be declared void.  This provision shall apply to the following creditor:

| (a) Creditor | (b) Amount | (c) Mortgage Lien Position |
|---|---|---|
| None | | |

(D). **Surrender of Collateral**: Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lienholder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under Section 362(c). Upon Plan confirmation, the automatic stay will deemed lifted for the collateral identified below for surrender and the creditor need not file a motion to lift the stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be Surrendered |
|---|---|
| None | |

7. **UNSECURED CLAIMS**. Debtor estimates that the total of general unsecured debt not separately classified in Plan Paragraph 10 is $1,372.00.  After all other classes have been paid, Trustee will pay to creditors with allowed general unsecured claims a pro-rata share of $_____ or 100%, whichever is greater. Trustee is authorized to increase dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in Paragraph 2 of this Plan.

8. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The following executory contracts and unexpired leases are assumed and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

| (a) Creditor | (b) Nature of Lease or Executory Contract | (c) Payment to be Paid Directly by Debtor | (d) Projected Arrearage Monthly Payment Through Plan |
|---|---|---|---|
| None | | | |

9. **PROPERTY OF THE ESTATE**. Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **OTHER PROVISIONS**.

(A). **Special classes of unsecured claims**: None

(B). **Other direct payments to creditors:** None

(C). **Other Provisions:**  The claim of Bank of America, N.A., secured by a first priority lien on debtors' residence, shall be paid entirely through debtors' Chapter 13 plan. The estimated claim of $8,308.00 shall be paid with 2.0 percent interest at $150.00 per month.

The claim of Bank of America, N.A., secured by a second priority lien on debtors' residence, shall be paid entirely through debtors' Chapter 13 plan. The estimated claim of $12,707.00 shall be paid with contractual interest **of 6.39 at $250.00 per month**.

Debtors will pay their real estate property taxes and homeowner's insurance premium payments directly to the tax commissioner and insurance company as payments are required.

Any creditor which is to be paid directly under this plan is authorized and encouraged to send billing statements to the debtor(s) at the mailing address on record with the Bankruptcy Court in this case.

## VERIFICATION

I declare, under penalty of perjury, that the facts contained in the foregoing document are true and correct to the best of my knowledge and belief.

Dated: April 21, 2014

/s/ Samuel John Lites, Sr.
_____
SAMUEL JOHN LITES, SR.


/s/ Lynn Darlene Lites
_____
LYNN DARLENE LITES